JUNE TERM,
1838.

Grimsley
v.
Admrs. of Riley.

---

THORNTON GRIMSLEY v. ADMRS. OF MICHAEL RILEY.

To constitute a sealed instrument, under our statute, it must express
on its face to be sealed, and the signer must affix a scrawl to his
name by way of seal.  A mere flourish at the end of the signature,
not made by way of seal, is insufficient.

*J. Spalding*, counsel for plaintiff in error:

1. *The instrument sued on was not a sealed instrument.*
Its date is August 17, 1836.  See Rev. Code, p. 118, sec.
3, which states that an instrument expressed on its face
to be sealed, *and having a scrawl affixed by way of seal,*
shall be adjudged a sealed instrument.

*J. B. Bowlin*, counsel for the appellees:

The bond is exhibited, by consent, in the bill of ex-
ceptions, and expresses in the body of it to be under seal,
and the name ended by a dash or *scrawl.*   The Revised
Code of 1835, p. 118, makes a scrawl equivalent to a
*seal.*   The 2 Mo. Decisions, p. 220, Cartmell v. Hopkins,
carries out the same doctrines.   The word seal, in the
attestation of the instrument, is of itself conclusive evi-
dence of what the instrument is intended to be.   This
view is sustained by the reasonings of the courts—1
Mun. p. 490; 3 Gill & Johnston, p. 241.

EDWARDS, Judge, delivered the opinion of the court.

The administrators of Riley sued Grimsley, Fleisch-
man and Thompson, in the St. Louis circuit court, upon
an alleged sealed instrument.  Grimsley pleaded, 1. That
the supposed writing obligatory declared on was not
his deed.  2. That the slaves mentioned in the said wri-

ting, were never delivered and used under and in virtue of said writing obligatory. 3. That plaintiffs were not administrators of said Riley.

To the second plea the plaintiffs demurred, and the demurrer was sustained. On the trial of the issues on the two other pleas, there was a finding and judgment for plaintiffs below, and Grimsley moved for a new trial, because there was no evidence that either of said defendants sealed the supposed obligation sued on, and the court overruled the motion; to which decision of the court the defendant excepted.

The bill of exceptions states that, on the trial of this case, the plaintiff, to prove his case, gave in evidence the following paper:

"St. Louis, August 17, 1836. Twelve months after date, we or either of us promise to pay to P. McGovern and Hugh O'Neil, administrators of Michael Riley, deceased, the full and lawful sum of one hundred and sixty dollars, it being for the hire of two slaves, named Levi and George—that is, one hundred and thirty-two dollars for Levi and thirty-six dollars for George, for twelve months from this date, belonging to the estate of said Riley; and we and each of us further bind ourselves to furnish said slaves with as good boarding, clothing, and medical aid as is usual for such persons, and to deliver said slaves at the expiration of said term to the aforesaid administrators, in the city of St. Louis, State of Missouri. Witness, our hands and seals this day and year aforesaid. Fleischman & Thompson, T. Grimsley."

The errors assigned are, 1. That the court admitted improper evidence. 2. That the court overruled the motion for a new trial.

The point mainly relied on by the plaintiff in error is, that the instrument offered in evidence is not an instrument under the seal, and was therefore improperly admitted in evidence in this action. By sec. 3, p. 118, Rev. Code of 1835, it is provided that "every instrument of writing, expressed on the face thereof to be sealed, and to which the person executing the same shall affix a scrawl by way of seal, shall be declared and adjudged to be sealed." Under this law, two things are necessary to constitute an instrument a sealed instrument: 1. It must be expressed on the face thereof to be sealed. 2. The person executing the same shall affix a scrawl by way of seal. The instrument offered in evidence here has but one of those requisites. It is expressed on the face of it to be a sealed instrument, but

To constitute a sealed instrument, under our statute, it must express on its face to be sealed, and the signer must affix a scrawl to his name by way of seal. A mere flourish at the end of the signature, not made by way of seal, is insufficient.

the person executing it has affixed no scrawl by way of seal. A mere flourish of the pen, in continuation of the last letter of a man's name in affixing his signature, is not such a scrawl as will constitute a seal, where it is not made by way of seal.

In this case, there is no evidence that either of the parties sealed the instrument offered in support of the action, and for this reason the defendant's motion for a new trial should have been sustained, and the circuit court erred in overruling it. The judgment ought, therefore, to be reversed, and the other judges concurring, it is reversed.