CLAUDIUS A. PEASE, Respondent, *v.* OLIVER LAWSON *et al.*, Appellants.

*Deed—Seal.*—At common law, a piece of paper cut and affixed to a wafer on the deed was a sufficient sealing of the instrument. The law does not require that the impression should be apparent.

*Conveyance—Evidence.*—It is no objection to the admission in evidence of an instrument, properly proved, that the plaintiff was the subscribing witness upon whose evidence it was certified by the proper officer, the plaintiff having no interest in the land at the time of making such proof.

*Limitations.*—To rebut the evidence of adverse possession, the plaintiff was properly permitted to show that the defendant's claim of title under which entry was made was under a tax sale which allowed two years for redemption.

*Adverse Possession.*—A possession, to be of any avail under the statute of limitations, must be adverse to the rightful owner; to be adverse, it must be under a claim of title hostile to the right of the true owner.

*Appeal from Iron Circuit Court.*

This was an action of ejectment. Upon the trial, the plaintiff gave in evidence—

1. A patent to Andrew Jamison for the north-west quarter of south-east quarter of section 32, township 34, range 4 east, containing forty acres, dated March 15, 1837.

2. Plaintiff read a deed from J. H. Relfe and wife and Andrew Jamison to John L. Van Doren, dated August 13, 1836.

3. Copy of deed from J. L. Van Doren to Luther Halsey, dated May 20, 1837.

4. The plaintiff then offered to read, as an acknowledged

deed, a power of attorney from Luther Halsey to John M. Eager, dated September 24, 1855. Defendants objected, and it appeared, on inspection, that there was no scrawl by way of seal made with pen or pencil, but there was a small round piece of paper, cut in scallops on the edges, attached to the end of the grantor's name, the usual place of a seal with a wafer, but no impression made thereon. The proof on the deed was the proof of Claudius A. Pease, the present plaintiff, taken September 25, 1855. The defendants objected that the paper was not a sealed instrument, and that Claudius A. Pease was not a competent witness to prove the deed; but the court overruled the objection and permitted the paper to be read, and defendants excepted.

5. Plaintiff then offered a deed from Luther Halsey, by John M. Eager, attorney in fact, to Claudius A. Pease, dated November 27, 1855, which was precisely the same as the power of attorney to Eager in regard to the seal. The defendants objected.

6. Plaintiff then read a deed from Luther Halsey to John M. Eager, dated September 24, 1855, for one undivided half of the two tracts of land mentioned in the power of attorney. Defendants objected.

7. A deed from John M. Eager to plaintiff, Claudius A. Pease, dated September 24, 1855.

8. Plaintiff then offered to read a power of substitution from John M. Eager to Claudius A. Pease, dated March 24, 1856. Defendants' objection overruled and excepted to. Also, a power of attorney from said Eager to Pease, dated March 24, 1856. Same objections and exceptions taken.

This was all the evidence on the part of the plaintiff.

The defendants gave in evidence a deed from John Polk and wife, dated November 12, 1847; and proved a continuous possession under that deed up to the date of trial, being more than ten years next preceding the commencement of the suit.

After defendants closed their evidence, the plaintiff offered to read, and did read, against the objections of defendants, a

tax deed from the State to John Polk, dated March 7, 1849, purporting to be based on a sale for taxes made in 1846, for the purpose of showing that at the time Polk sold to the Madison Iron Company his title had not been complete.

This was all the evidence.

The defendants asked six instructions, all of which were refused ; but the court gave, of its own motion, the following instructions :

" If the jury find that the defendants, the Pilot Knob Company, by their tenants and employees, have held possession of the land in controversy continuously for the term of ten years next before the 20th October, 1858, the date of the commencement of this suit, under an exclusive claim of right to the property, then the plaintiff is barred of his recovery by the statute of limitations, and the jury will render their verdict for defendant.

" But if they find that the defendants, the Pilot Knob Company, entered into possession under the tax title conveyed to them by Polk, well knowing that no title could arise from such sale before the period of two years, the time allowed for redemption had expired, then such deed from Polk is no sufficient color of title to entitle the defendants to possession beyond the particular spots actually occupied and enclosed by them.  And even in this case the jury must find that each particular spot had been held continuously for the space of ten years before the institution of this suit, as above, before the defendants will be entitled to their verdict as to the parts thus enclosed and occupied.

" But if the jury find that more than ten years have elapsed after the taking possession by the defendants, and after the period of redemption had expired, before the institution of this suit, and that during the whole of this time the defendants have occupied parts of the land, exercising ownership and control over the whole, and that such possession had been continuous to the time of the commencement of this suit, then they will find a verdict for defendant.   The plaintiff having deduced a title from the Government by a regular

chain of title deeds, is entitled to recover unless he is barred by the statute of limitations, as above.

"If the jury find that the plaintiff commenced an action for the recovery of the land in controversy against the tenants of the defendants on the 14th day of December, 1857, and that after said suit was dismissed and within one year from the date of such dismissal the plaintiff commenced this suit, then the jury must find that the ten years of the statute of limitations had elapsed before the said 14th December, 1857, before they can find for the defendants."

Verdict for plaintiff. Motion for new trial was overruled, exceptions duly taken, and defendant appealed.

*J. W. Noell,* for appellant.

I. The several deeds objected to as not being sealed should have been excluded, and Claudius A. Pease not being a competent witness on the trial, could not prove up the deeds out of court and read them in his own case in court.

II. That defendants made out a clear case under the statute to quiet vexatious litigation of 1847, and the instructions asked by defendants, in regard to limitations, should have been given.

III. The court should not have permitted the tax deed to Polk to be read for the purpose of shortening defendants' possession. Defendants went in under Polk's deed, and it made no difference about the character or quality of Polk's title. His deed describes the land, and gives quality to defendants' possession without any reference to what may have been behind his claim.

IV. The plaintiff reads the tax deed himself. Is he not estopped from denying the title under that deed? If defendants had read the deed, plaintiff might have required defendants to show that the requirements of law had been complied with so as to authorize the deed. But when plaintiff offers to read, and does read the deed, he must admit its validity as a deed.

*M. Frissell,* for respondent.

DRYDEN, Judge, delivered the opinion of the court.

The counsel for the appellants presents four grounds of error for the reversal of the judgment of the Circuit Court in this case:

First—That certain documents, purporting to be deeds for the conveyance of the land in controversy, under which the plaintiff claimed, were not *sealed* instruments, and, therefore, inoperative to pass the title, and should have been rejected.

Second—That the certificate of proof of the letter of attorney from Halsey to Eager being based on the testimony of the plaintiff, as subscribing witness, was incompetent evidence *for the plaintiff*, and should have been rejected.

Third—The admission of the tax deed to Polk in evidence, under whom the defendants claim, at the instance of the plaintiff. And,

Fourth—The misdirection of the jury on the question of the defence of the statute of limitations.

We will consider the several grounds in the order in which they are presented.

1. As to whether the documents objected to were sealed instruments: The originals not being before us, we are left to decide the question upon such descriptions of them as are furnished in the bill of exceptions. The decision of the question as to one will dispose of the objection to the others. We will examine the letter of attorney from Halsey to Eager. It concludes thus: "In witness whereof, I have hereunto set my hand and *seal*," &c. The bill of exceptions thus describes what is claimed to be the seal: "It appeared on inspection that there was no scrawl by way of seal made with pen or pencil, but there was a small, round piece of paper, cut into scallops on the edges, attached to the end of the name, the usual place for a seal, with a wafer, but no impression made thereon."

The common law seal, which was "an impression upon wax or wafer, or some other tenacious substance capable of being impressed," has become well nigh obsolete in this and

many other States of the Union, the statutory "*scrawl*, by way of seal," having almost entirely superseded it. Yet a seal of the one or the other sort is still requisite (and either is sufficient) to constitute a document a sealed instrument. In this case it is not pretended the statutory mode was adopted ; so that, unless what was done comes up to the common law standard, the letter of attorney is not a sealed instrument in the sense of the law. Does it, then, reach this standard ? The point of the objection is that no *impression* was made on the wafer, and so, although everything else had happened necessary to a valid sealing, yet the want of this crowning requisite was fatal. Now, as in the days of the greatest strictness, the common law prescribed no particular instrument with which to make the impression, nor fixed the breadth or length or depth it should be made, and as the execution of this paper was attended with the usual circumstances of deliberation, and as it was manifestly intended as a sealed instrument, and as the scalloped paper, when applied to the wafer and caused to adhere, must from a physical necessity have made an impression, we fell warranted, for the effectuation of the clear intentions of the parties, in regarding the scalloped paper a sufficient instrument, and the impression made by it to cause cohesion, a sufficient impression to comply with the requirement of the law.

2. The plaintiff derived title through a deed to him of date 27th November, 1857, made by John M. Eager, as attorney of Halsey, under a letter of attorney of the latter of date 24th September, 1855. Pease, the plaintiff, was the subscribing witness to the last named paper, and on the day of its date he appeared before a clerk of a court of record in the State of New York and proved the execution by Halsey, and thereupon the clerk endorsed thereon a certificate of the proof in due form. On the trial of the case the plaintiff was permitted to read the certificate as evidence of the execution of the letter of attorney, and the permission to read it is assigned for error, because, as is objected to by

Pease v. Lawson.

the defendants, to permit the plaintiff to read the certificate based upon his own previous testimony, is to allow him to give evidence in his own behalf. We think the objection is not well taken. Our act regulating conveyances has provided that proof of the execution of instruments affecting real estate may be made by the subscribing witness before a proper officer, and when made and certified in accordance with the act it makes it efficacious in favor of all persons, without limit, having an interest for the purposes of evidence in the deed proved. If the proof had been made after the plaintiff had acquired his title, the question would present a widely different aspect; but as the reverse is true, we think the plaintiff as much entitled to the benefit of the certificate as if it had been based on the testimony of a stranger.

3. The defendants relied upon a continuous adverse possession of the premises in controversy for a period of ten years before the commencement of the suit, to defeat the plaintiff's title, and gave evidence tending to show such possession; and by way of showing color of title, put in evidence the quit-claim deed of one John Polk to the defendants, the Iron Company, for the land in controversy, bearing date the 12th of November, 1847, under which the defendants took possession. The suit was commenced the 14th of December, 1857, ten years and a month after the defendants had accepted the deed from Polk, and the material inquiry on the trial of this issue was whether, although the defendants had had possession for ten years, their possession was during all that time adverse to the plaintiff; if not, the defence failed. As a fact from which the jury might infer the possession had not been adverse, after the close of the defendants' evidence, the plaintiff, against the objections of the defendants, read a tax deed of the register of lands to John Polk for the same land, of date March 7, 1849, reciting the sale of the land to Polk by the sheriff of Madison county, on the first day of October, 1846, for the taxes, interest and costs thereon. I think the deed was competent upon the question of the character of the possession.

4. The law in force at the time of the tax sale to Polk secured to the owner of the land the right to redeem at any time within two years after the sale by repaying to the vendee his purchase money, with interest; but if he neglected to redeem during the appointed interval, at the expiration of the time the vendee was entitled to a conveyance from the register of lands in pursuance to the previous sale by the sheriff. If, prior to the expiration of the period of redemption the defendants entered and held the premises in controversy in this case, claiming under said sale to Polk, their possession during the interval for redemption was not adverse to, but was consistent with, the plaintiff's title. In such case, the defendants tacitly confess that their title is for a limited time defeasible by the act of the plaintiff—an admission inconsistent with an adverse possession.

A possession, of however long continuance, to be of any avail under the statute of limitations, must be adverse to the rightful owner; to be adverse it must be under a claim of title hostile to the right of the true owner. (Ang. on Lim. 400–401; Kirk v. Smith, 9 Wheat. 288; Jackson v. Porter, 1 Paine, C. C. R., 457.)

The law applicable to the defence of the statute of limitations was given to the jury by the court as favorably for the defendants as the evidence in the case would justify, and finding no error in the record of the Circuit Court, its judgment is affirmed. Judge Bay concurs.

Bates, J. I doubt the propriety of admitting in evidence the deed from the register of lands to Polk, and I also doubt whether the defendant's possession was not *adverse* to the plaintiff during the period from its commencement to the time of the execution of the deed from the register of lands to Polk; but being unable to remove these doubts now, I solve them in favor of the rightful owner against the possessor without title, and concur in affirming the judgment.