State to use Daggett v. Leutzinger et als.

STATE TO USE OF WILLIAM C. DAGGETT, Plaintiff in Error, *v.* JOHN LEUTZINGER, JOSEPH SCHNEIDER, and MARTIN KEARY, Defendants in Error.

*Executions—Claim of Property—St. Louis County—Officer—Bond.*—Under the provisions of the acts "concerning the duties of sheriff and marshal in St. Louis county," &c. (Sess. Acts 1855, p. 464; Sess. Acts 1858-9, p. 439), the bond, taken by the officer to secure jointly claimants filing several claims for distinct portions of the property levied on, is not void so as to authorize an action against the officer for breach of duty in not taking good and sufficient indemnification bonds. Although the bond be taken for the joint benefit of several claimants, each claimant of property can maintain his separate action upon the bond to recover the amount to which he is entitled, and evidence outside of the bond will be competent to show what property was claimed by each. The bond, although defective in not following the requisitions of the statute, is not void.

*Error to St. Louis Circuit Court.*

*Kreiter* and *Voorhies & Mason,* for plaintiff in error.

WAGNER, Judge, delivered the opinion of the court.

This was an action on the official bond of defendant Leutzinger, as constable in St. Louis, for a breach of condition.

The petition states that one Miller obtained a judgment before a justice of the peace against one Edward Ryland; that under the execution issued thereon Leutzinger, as constable, levied on certain property, to-wit, one rose-wood book-case and contents, one mahogany bureau, one mahogany wardrobe, and one mahogany table as the property of the said Eward Ryland. That the plaintiff Daggett, by a separate independent claim, notified the constable as required by law, that he was the owner of the bureau, wardrobe and table; and that one Stanley Ryland, on the same day, notified the constable that he was the owner of the book-case and contents by another and distinct claim. That upon receiving the notice the constable required of, and took from, the plaintiff in the execution a bond of indemnification designed to protect the claimants under the statute relating to the duties of sheriff and marshal in the county of St. Louis,

where property is levied upon under execution or attachment and claimed by third persons. That the constable took but one bond to indemnify both plaintiff and Stanley Ryland, the other claimant, and described the property therein as being owned by them jointly, by which reason the bond so taken and received by the constable was useless and valueless to the plaintiff, and that he had not faithfully performed the duties of his office, and the condition of his bond was broken.

A demurrer was sustained to this petition. The condition of the bond taken by the constable, and which it is claimed was not taken in pursuance of law, recites the judgment, execution and levy, and then states that "W. C. Daggett and Stanley Ryland *has* claimed said property according to the third section of the act of the General Assembly of the State of Missouri," entitled "An act concerning the duties of sheriff, marshal and constable in the county of St. Louis in relation to the levy and sale of such property under execution or attachment as may be claimed by third persons." The act referred to provides that when any sheriff, marshal, constable, or duly authorized officer, shall levy any execution or attachment on any personal property, and any person other than the defendant in such execution or attachment shall claim such property or interest therein, such officer may demand of the plaintiff, or his agent, in such execution or attachment, a sufficient indemnification bond, with at least two good and sufficient securities to be approved of by such officer, and may refuse to execute such execution or attachment until such indemnification bond is given. The third section declares that no claim made to personal property levid on as aforesaid shall be valid or lawful against such officer, unless such claimant or his agent shall set forth his claim in writing, verified by the affidavit of such claimant or his agent, describing the property claimed, and stating his interest therein, &c. By an amendatory act it is provided that where more than one claim is made to any property levied on by any sheriff, marshal, constable, or other duly authorized officer, the same proceedings shall take place in

regard to each of such claims as is prescribed in regard to a claim in this act and in the act to which it is amendatory.

The only matter to be determined is, whether the constable's failure to take a separate bond from the plantiff in the execution, when each claim was made, amounts to such a total non-compliance with the law, as to render the bond a nullity and make him liable for a breach of duty. The law is sufficiently clear and precise as to the duties of officers acting under its provisions, and no difficulty can arise as to the original enactment. But it was perceived that a subsequent claim would frequently be preferred to either of the same, or at least a portion of the property levied on or attached, and hence the amendatory act points out the means by which it shall be accomplished. The whole object of the law is to secure claimants in the possession of their rights for property belonging to them and wrongfully sold, and to prevent officers acting in the line of their official duties from being involved in harassing and vexatious suits. It is contended by the plaintiff, that the bond represents the whole property as belonging to the plaintiff and Stanley Ryland jointly, and as their claims show that they claimed no joint ownership, but each separate and distinct articles, the bond is available to neither, and therefore the constable by his negligence or wrongful act having failed to take or exact a bond that the party can use as an indemnity, he must answer in damages. If the bond is so wanting in compliance with law that the plaintiff cannot maintain an action on it, to assert his claims or vindicate his legal rights, the position is doubtless correct. But we are not of the opinion that it is such a complete nullity as to have this effect. It certainly does not literally pursue the steps pointed out in the enactment; but if it substantially follows the same so as to furnish a good cause to the plaintiff whereby he will be protected in the assertion of his rights, he has no reason to complain. We see no obstacle in the way of the plaintiff bringing suit on this bond and recovering damages, provided that he can make it appear that he has been injured by the sale of his property.

Although it appears to be taken for the joint benefit of plaintiff and Ryland, we are not aware of any insuperable objection to each bringing a separate action on it ; nor will the condition inserted in the bond, that they claimed the property, preclude a recovery for what each or either is entitled to. Evidence *aliunde* the bond will be perfectly competent to show what article of the property was claimed by the plaintiff. In bringing his suit, he is not obliged to declare for all the furniture included within it.

Judgment affirmed. The other judges concur.