OTIS A. TURNER, Respondent, *v.* LUCY FIELD, Appellant.

1. *Seal, what sufficient.*— Colored paper in the form of a seal, attached by mucilage to an instrument, is a sufficient sealing. (33 Mo. 35.)

*Appeal from Fifth District Court.*

*H. M. & A. H. Vories*, for appellant.

*Dunn & Orrick*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues in ejectment. In proving up his title, he offered in evidence a power of attorney which concluded thus: "In witness whereof, I hereunto set my hand and seal." Opposite the signature, in the usual place of a seal, a small piece of colored paper in the form of a seal was attached, and made to adhere by the application and use of mucilage. This was the only sealing. The instrument was objected to and excluded as not being sealed.

The propriety of the action of the court in excluding the power of attorney is the only matter for consideration. The case is a

substantial repetition of Pease v. Lawson, 33 Mo. 35; the only distinction between the two consisting in the fact that the paper seal was attached in the one case by the use of a wafer, and in the other by the use of mucilage. The subtle and ingenious argument by which this difference is sought to be magnified into importance is too finely drawn to be of practical utility. The case of Pease v. Lawson is decisive of this. Independently, however, of that adjudication, we should deem it quite safe to affirm the action of the District Court in reversing the judgment of the Circuit Court and remanding the cause for trial, and that is the order of the court. The other judges concur.