State ex rel. West v. Thompson et al.

————————•————————

STATE *ex rel.* JAMES H. WEST, Respondent, *v.* HENRY THOMPSON AND JOSEPH HOOK, Appellants.

1. *Bond — Seal — Suit on.*—A bond required by the statute may vary from the statutory requirements and still be a good common-law bond; but there can be neither a statutory nor common-law bond without a seal. And an instrument purporting to be sealed, but without any seal or scrawl, cannot be sued on as a bond. Hence the sureties on an attachment bond, given as required by the landlord and tenant act (Wagn. Stat. 881), will not be liable thereon where the bond is unsealed.

*Appeal from Lafayette Court of Common Pleas.*

*Wallace & Mitchell,* for appellants.

A "bond" is a sealed instrument. (1 Bouv. Law Dic. 200; 2 Serg. & R. 502; 1 Baldw. 120; 2 Porter, 19; 1 Blackf. 241; Harper, 434; 6 Vern. 40.) Sir William Blackstone defines a bond to be a deed. (2 Blackst. Com. 340; Drake on Attach., § 125; Homan v. Brinckerhoff, 1 Denio, 184; Rockefeller v. Hoysradt, 2 Hill, 616; Drake on Attach., § 124; *id.*, § 121; *id.*, § 137; Walker v. Keile, 8 Mo. 301-2; Glasscock v. Glasscock & Dodd, 8 Mo. 577.) A sheriff's deed without actual seal, and without scrawl by way of seal, is no deed. (Morean v. Detchemendy, 18 Mo. 530; 4 Kent's Com. 452.)

*E. L. King & Bro.*, for respondent.

I. The appellants have prosecuted an attachment suit under an instrument which they filed in the attachment suit as a bond, which they called a bond, treated as a bond, got all the benefits of as a bond, did the respondent all the damage they could under it as a bond, and which they speak of in the body of the instrument as being "sealed with our seals." They cannot now be allowed to say that it is no bond, notwithstanding no scrawl is attached. We submit the following authorities: Underwood v. Campbell, 14 N. H. 393; Comerforce v. Cobb, 2 Fla. 418; 5 Johns. Ch. 224; 12 Mo. 341.

II. The doctrine of estoppel will apply here.

BLISS, Judge, delivered the opinion of the court.

The defendant Thompson sued out a writ of attachment against the relator, West, under section 26 of the landlord and tenant act (Wagn. Stat. 881-2), and with the other defendants executed an instrument purporting to be a bond, as required by the section, but failed to seal the same. Upon a plea in abatement, West obtained judgment against him, and now brings suit upon the bond, and the chief defense is that it is no bond. The question is thus presented whether a statutory instrument purporting upon its face to be a bond, but without any seal or scrawl, or other device adopted as a seal, can be sued on as a bond.

A bond is a sealed instrument, and we can have no idea of one without a seal or a substitute for one; and where the statute requires a bond it calls for an instrument with all its necessary requisites. It is true that a bond required by statute may vary from the statutory requirements and still be a good common-law bond (Grant & Finney v. Brotherton's Adm'r, 7 Mo. 458; Gathwright v. Callaway County, 10 Mo. 664; State v. Thomas, 17 Mo. 503), but can there be a common-law bond without a seal? "The common law intended by a seal an impression upon wax or wafer, or some other tenacious substance capable of being impressed." (4 Kent, 452.) We have been very liberal as to what constitutes a common-law seal (Pease v. Lawson, 33 Mo. 35;

Turner v. Field, 44 Mo. 382), but have never dispensed with a seal in bonds and deeds, only as the statute substitutes a scrawl in lieu thereof. It might be very well, as has been done in some States, to dispense with seals altogether, but courts cannot so change the law, and those who desire the change must look to the law-making power.

That an instrument purporting to be sealed, but without any seal or scrawl, cannot be sued on as a sealed instrument, was held in Grimsley v. Riley's Adm'r, 5 Mo. 280, and I have never known the general doctrine of that case departed from. We might, perhaps, under the code, get along with the pleadings, did not the statute require a bond, and were not the proceedings under the statute. As it is, the trial court committed error in admitting the instrument in evidence and in refusing a new trial. The judgment will be therefore reversed. The other judges concur.