MARY R. EXENDINE ET AL., Plaintiffs in Error, *v.* HENRY H. MORRIS, Defendant in Error.

### February 24, 1880.

1. The terms of a private act authorizing the sale of real estate must be strictly complied with.

2. That the paper filed by a curator as a bond is not a sealed instrument does not render void his appointment as curator.

3. Where the question of identity or of notice is not raised, that the minor is called "Ellen," her name being "Eleanor," is immaterial.

4. Under the Revised Statutes of 1855, an acknowledgment of a deed by a curator in open court, with the clerk's certificate and the seal of the court attached, was sufficient.

5. Where the law requires appraisers of realty to be freeholders, it is competent to show by oral testimony that such appraisers, described in their certificate as "householders," were freeholders.

6. For the purposes of the law with reference to appraisement, any one in possession of land, notoriously claiming to own it, will be considered as a freeholder.

7. Where the report of sale of realty is made under the provisions of a private act, it is no objection that the report is signed "J. B., curator, by G. Z.," where the record shows that the report was made by the curator.

8. The approval of the report by the court is an approval of the sale.

9. The validity of the sale does not depend upon the subsequent application of the purchase-money by the curator.

10. Where the law requires that the land shall be sold for not less than three-fourths of its appraised value, and the minors have only a remainder, it is immaterial that the value of their interest does not appear, the life-estate and the remainder being sold together.

ERROR to the Lincoln Circuit Court.

*Affirmed.*

NORTON, MARTIN & DRYDEN, for the plaintiffs in error: The power given by statute, under the authority of which a citizen may be deprived of his property, must be exercised precisely and strictly; any departure will vitiate the proceedings. — Potter's Dwar. on Stats. 146, sect. 21; *Powell* v. *Tuttle,* 3 N. Y. 396; *Woodcock* v. *Bowman,* 4 Metc. 40; *Watts* v. *Pond,* 4 Metc. 61; *Strouse* v. *Drennan,* 41 Mo. 299. The instrument offered as the curator's bond, not being sealed, is not a bond. — *The State ex rel.* v. *Thompson,* 49 Mo. 188; *Duncan* v. *Crook,* 49 Mo. 116. The report of sale, not being properly signed, was improperly admitted. — 3 Washb. on Real Prop. 204, 209; *Denning* v. *Smith,* 3 Johns. Ch. 344; *Young* v. *Keogh,* 11 Ill. 642; *Ruby* v. *Huntsman,* 32 Mo. 503.

JEFF. CHANDLER and DUNN & COLBERT, for the defendant in error: That the bond was not under seal does not render void the sale, and it cannot on that ground be collaterally attacked. — *Duncan* v. *Crook,* 49 Mo. 116; *Pattee* v. *Thomas,* 58 Mo. 163; *Overton* v. *Johnson,* 17 Mo. 442; *Rugle* v. *Webster,* 55 Mo. 246; *Carr* v. *Spannagel,* 4 Mo. App. 288; *Higgins* v. *Peltzer,* 49 Mo. 157.

BAKEWELL, J., delivered the opinion of the court.

This is ejectment for eighty acres of land in Lincoln County. The action was instituted in March, 1877. The answer sets up a special defence. The cause was tried by the court without a jury. There was a finding and judgment for the defendant.

It appears from the pleadings and the evidence that the plaintiffs (Mary, who is the wife of Exendine, and Eleanor, who is the wife of Riffle) are daughters of Edwin J. H. and Sarah Bennett. Sarah Bennett was the daughter of Charles Bennett. Charles Bennett conveyed the lands in question to his daughter for life, remainder to her children, the

female plaintiffs. Sarah Bennett died in December, 1867. On January 4, 1860, the Legislature passed an act which provides that Edwin J. H. Bennett, guardian and curator of Eleanor and Mary Bennett, of Hickory County, is empowered to sell certain land in Lincoln County, described in the act as belonging to said Eleanor and Mary, and which is the land in controversy, and to make the purchaser a good and sufficient title therefor. The act further provides that the land shall be appraised by three disinterested freeholders of Lincoln County, and shall not be sold for less than three-fourths of its appraised value. It may be sold privately, for cash or on credit, but no sale is to be valid unless first approved by the County Court of Lincoln County, to which said guardian and curator shall make report of sale. The proceeds are to be invested by the guardian in real estate in Hickory County, in the name of Eleanor and Mary Bennett, under the approval of the County Court of Hickory. Under this act, Edwin J. H. Bennett sold the land to the grantor of the defendant, and the defendant and those under whom he claims have ever since been in possession under that sale, and have erected valuable improvements on the land. The deed to the defendant's grantor is made by Edwin J. H. Bennett and Sarah E., his wife, and by Bennett as curator and guardian of Eleanor and Mary R. Bennett. It is dated May 5, 1860. It refers to the act, and purports to convey the interest of the children and of their mother in consideration of $700, which is recited as " the full consideration of said tract of land for all parties concerned." Bennett and wife acknowledge the deed before one of the judges of the Hickory County Court. Bennett, as guardian and curator, acknowledges the deed in open court, as appears from the certificate of the clerk of the County Court. Objections were made on the trial to this deed and to the regularity of the proceedings. These objections are properly saved on the record, and without further preliminary statement of the facts in evi-

dence or admitted on the record, we shall proceed to consider them, so far as we think it necessary to do so for the purpose of this case. If these proceedings were regular, there is no question as to the defendant's title.

That the deed was acknowledged in open court by the curator is no ground of objection. The statute in force at the time provides for this form of acknowledgment, and it was applicable to a curator's deed, or to any deed. Rev. Stats. 1855, p. 358, sect. 15. It is objected that the report of the sale to the Lincoln County Court is not signed by Bennett as guardian and curator, but by Bennett as curator, per George W. Zimmerman. We see nothing in this objection. The record of the Lincoln County Court sets forth that the report was made by Bennett, and the fact that the report is signed by Bennett, per Zimmerman, does not contradict this statement. The record of the Lincoln County Court purports to approve the report. It is objected that this is not an approval of the sale as the statute requires. But we think that an approval of the report, which sets forth the terms of the sale, was an approval of the sale and a compliance with the law.

It appears that Bennett never gave bond as curator of these children. The instrument filed as a bond in the Probate Court of Hickory County speaks of seals in the attesting clause, but there is nothing in the shape of a seal or of a flourish of a pen to indicate a seal. We do not attach any importance to this. As the law requires a bond, perhaps the sureties or signers of this paper could not be held liable. *The State ex rel.* v. *Thompson*, 49 Mo. 188. But although the law prescribes that the curator shall give bond before entering upon the discharge of his duties, he is really curator from the date of his appointment. The law in force at the time provides for revoking the appointment, on proper steps being taken, if no bond be given. But the insufficiency or informality of the bond, or the fact that the paper filed and approved as a bond was not really a bond at all, does not

make the appointment void. Rev. Stats. 1855, p. 119, sect. 40; p. 825, sect. 18. That Bennett had been appointed guardian and curator of these minors by the Probate Court of Hickory at the date of the passage of the act is shown by the record of the appointment.

The special act under which this sale was made provides that the property shall be appraised by freeholders of the county of Lincoln, and that it shall be sold for not less than three-fourths of its appraised value. The land is shown to have been appraised, and to have sold for more than three-fourths of its appraised value. How much the interest of these minors in the land was worth does not appear. The law does not speak of the interest to be sold, but of the land itself. The land was appraised, and both the life-estate and the remainder were sold together for more than three-fourths of the appraised value. What became of the money does not appear, further than this: that Bennett, as curator, charged himself with the entire purchase-money, $700, in his settlement with the Hickory Probate Court, as having been all received for these minors from the sale of these lands.

It is objected that it does not appear that Bennett was appointed curator of Eleanor, but of Ellen Bennett. There is not any question of the identity of the minor, and for all that appears Ellen may be the abbreviation of Eleanor. To be sure, these names are recognized as distinct female appellatives; but that is no reason why the first two syllables of Eleanor should not be used as a shortened form of that name. The syllables, though not spelled alike, are *idem sonans*.

A more serious difficulty is that it does not, in so many words, appear from any statement in the certificate of the appraisers, or anywhere on the face of the proceedings, that this property was appraised by three "freeholders," as the act requires. The certificate of the appraisers speaks of them as "householders." "Householders" is an ambiguous

expression. It may mean freeholders. Perhaps it has not, necessarily, this meaning, though it is evident that it was here used in that sense. The court, against the objection of the plaintiffs, admitted oral evidence that at the time of this appraisement these appraisers owned real estate in Lincoln County. We see no objection to the introduction of this testimony. One in possession of land, claiming to own it and commonly reputed as owning it in fee, would be a freeholder within the meaning of any statute requiring a freehold qualification in an appraiser of land for an administrator's or guardian's sale, independently of any question as to the validity or record sufficiency of his title. It cannot be necessary to go into record evidence of title to show such a qualification. There may be no record evidence. Possession for ten years may have given an absolute title. Unless the fact that the appraisers' neglect to certify in their appraisement certificate that they are freeholders is to be held absolutely fatal to such a sale, we do not see how to escape the conclusion that the fact that the appraiser was in possession of land, claiming to own it, must be taken to establish sufficiently his qualification as appraiser. This fact may be shown by parol.

So far as we can see, the statute has been complied with in making this sale. Happily, no such sales of the property of minors are now possible. We do not say that the proceedings under this private act stand on the same ground as proceedings in an ordinary sale by guardian or administrator under the general statute, or that they ought to be assimilated to judicial sales made with notice by publication, and where there are, ordinarily, parties interested in the estate, and in a position to attack the proceedings directly for informality, by appeal from the judgment approving the sale. Certainly it behooves the purchaser at a sale of the property of minors, under a private act of this character, to see closely that the law authorizing the sale has been exactly complied with. The special power will be strictly

construed.  In this case we think that it sufficiently appears that there was an exact compliance with the law. Bennett was guardian and curator of these minors ; the lands were appraised by disinterested freeholders of Lincoln County ; they were sold for over three-fourths of their appraised value ; the sale was approved by the Lincoln County Court on a report made by the curator and guardian. As to the subsequent investment of the funds, that was a matter in which the purchaser was not concerned.  If the sale was good, it was good when consummated.  If the guardian afterwards embezzled the funds ( no such fact appears in this case ), this would not retroact upon the sale and make it void, or voidable.

We see no sufficient ground for disturbing the judgment in this case, and it will be affirmed.  Judge HAYDEN concurs ; Judge LEWIS is absent.