# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS,

## MARCH TERM, 1884.

16  1
48  629

ST. LOUIS DAIRY COMPANY, Respondent, *v.* JULIUS SAUER, Appellant.

### June 10, 1884.

1. EXECUTION — INDEMNITY BONDS — SHERIFFS — CLAIMS OF THIRD PERSONS — REPLEVIN. — A claim made by one whose property has been levied upon under an execution against another, which will deprive the claimant of the right to replevy the property and confine him to his remedy on the bond, must be made in conformity to the statute.

2. —— The claimant will not be deprived of his right to replevy his property unless the officer shall have taken a good indemnification bond.

3. —— An indemnity bond taken under the act of March 3, 1855, if not taken in the name of the state will not protect the officer nor establish his defence in an action of replevin for goods seized by him.

4. —— The amendment of that act, passed March 14, 1859, does not repeal the original provisions of the act as to the conditions of the bond, nor the provision that the bond shall be made payable to the state.

5. —— An instrument purporting to be under seal, but which is signed by an agent whose authority is not under seal, is not a good statutory or common-law bond.

APPEAL from the St. Louis Circuit Court, THAYER, J.

*Affirmed.*

VOL. XVI.

B. SCHNURMACHER and FINKELNBURG & RASSIEUR, for the appellant: The main purpose of the act is to protect the officer from litigation, upon his procuring from the plaintiff in the execution or attachment an indemnity bond upon which the claimant may bring suit. — *The State to use* v. *Lentzinger*, 41 Mo. 498; *The State* v. *Platt*, 52 Mo. 466; Act of 1855 and Amendatory Act of 1859, 2 Rev. Stats. 1554 (Appendix). The claimant may bring suit upon the bond in question, although it is made payable to the officer instead of the state. — *The State to use* v. *Thomas*, 17 Mo. 503; *The State to use* v. *Donnelly*, 9 Mo. App. 520.

A. & J. F. LEE, JR., for the respondent: This act of March 3, 1855, making compliance with its provisions a bar to a plaintiff's recovery of his own property being derogatory of common right and a statute prescribing a form of procedure must be strictly construed. — Sedgwick on the Construction of Statutory and Constitutional Law, 267 and 275; Co. Inst., 282b, L. 3, S. 485; *Crayton* v. *Munger*, 11 Texas, 234. A claim, to be of avail, must be in the statutory form. — *Bradley* v. *Holloway*, 28 Mo. 150.

BAKEWELL, J., delivered the opinion of the court.

This was an action of replevin for a horse, wagon, and harness. The plaintiff having made the affidavit and given the bond required by law, the property was delivered to him by order of court. The defendant's answer sets up, that he is a constable of the city of St. Louis, and had levied upon the property as the property of defendant in a certain execution in his hands issued upon a judgment of a justice of the peace against one Cabanné; that the plaintiff in this action claimed the property under the provisions of the sheriff and marshal's act of 1855; whereupon the plaintiff in the action before the justice, gave to this defendant a good and sufficient indemnification bond, as provided by that act. The reply is a general denial. The cause was tried without a jury, and there was a finding and

judgment for nominal damages, and that plaintiff retain the property.

The claim offered in evidence seems to be in the language of the statute. The claim, after its address to the constable, proceeds thus: "Sir: Take notice that I, the St. Louis Dairy Co., claim," etc. It concludes thus: "St. Louis Dairy Company, per J. C. Cabanné, Sec. Sworn to and subscribed before me this 15th day of June, 1883. Charles A. Davis, Notary Public."

The bond, which was offered in evidence by defendant and excluded by the court, is as follows: "We, Frederick A. Schroeder and Isidore M. Bon, composing the firm of Schroeder & Bon, by Jacob Rowak as principal, and B. Womer and Joseph Schlange as securities, are held and firmly bound unto Julius Sauer in the sum of six hundred dollars, to the payment whereof well and truly to be made, we bind ourselves, our heirs, executors, and administrators jointly and severally, firmly by these presents. Sealed with our seals," etc. The condition under written, is that of the usual indemnification bond prescribed by the statute. The bond is signed as follows: "F. A. Schroeder & I. M. Bon, composing firm of Schroeder & Bon, seal. By J. Rowak, seal. B. Womer, seal. Joseph Schlange, seal."

The testimony as to the execution of the bond is that of Jacob Rowak, as follows: "I know the firm of Schroeder & Bon. They do business in New York City. Some time last May they telegraphed me about S. C. Cabanné's note going to protest, and directed me to act to the best of my knowledge in their case against him, with the advice of my attorney. They had no other agent here at the time. I informed them of my having given the bond, and who the bondsmen were, and they did not dissent."

It is claimed by respondent that the evidence did not establish the defence set up: 1. Because the claim shown is insufficient. 2. Because no authority appears in Rowak to execute the bond in the name of the principals. 3. Be-

cause even if good as a common-law bond, the bond does not comply with the statute.

One whose property is seized on execution directed against another, need not proceed to claim under the provisions of the special act of the 3d of March, 1855. He may, if he chooses, begin an action of replevin, disregarding his remedy under the act. If, however, he proceeds under the act, and makes a valid claim, and the officer in accordance with the act receives a sufficient indemnification bond from the plaintiff in the execution, then the claimant has no remedy against the officer, but must resort to his action on the bond. *Bradley* v. *Holloway*, 28 Mo. 150.

The claim which will have the effect of confining the claimant to the remedy on the bond, and which will deprive him of his right to replevy his property, must be a claim in conformity to the statute. There can be no legal difference between making no claim, and making a claim which is not in conformity with the statute, and so it is held in the case just cited. Whether the claim in evidence in this case can be regarded as verified by the affidavit of the claimant or of the agent of the claimant, we need not determine.

The statute requires a bond. The term bond imports an obligation in writing under seal. There can not be a bond without seal; and an instrument which speaks of a seal, but which has no seal or scroll, is held in Missouri not to be a specialty, and to be an instrument that can not be sued upon as a bond. *The State ex rel.* v. *Clay Co.*, 46 Mo. 231 ; *The State ex rel.* v. *Thompson*, 49 Mo. 188. It is well settled, wherever the distinction between a specialty and a simple contract is preserved, according to the common-law doctrine on the subject and the recognized principles of agency, that an authority to an agent to execute an instrument under seal, whenever this is not done in the actual presence of the principal, must itself, in all cases, be under seal. *Heirs, etc.,* v. *McCullough,* 1. M. L. 69 ; *Hibblewhite* v.

*McMorine*, 6 Mees. & W. 200. And a subsequent ratification must also be under seal, on the same reasoning and the same authority of the common-law decisions. *Wells* v. *Evans*, 20 Wend. 251. However, a court of equity might undoubtedly compel the principal to confirm and give validity to the deed. *McNaughton* v. *Partridge*, 11 Ohio, 223. It is true that the courts in modern times have abated something of their former respect for the seal ; and it would be difficult to say now with precision what is the general American doctrine on the subject. In some states a sealed instrument has perhaps ceased to be anything more than a simple contract. But this can not be said of Missouri, where it is expressly held, and in recent times, that, however a bond may vary from the statute, and be a good common-law bond, it can neither be a statutory nor a common-law bond without the seal ; and that the sureties on an attachment bond will not be liable thereon where the instrument is unsealed. " We have been very liberal," says Judge Bliss in *The State ex rel.* v. *Thompson (supra)*, " as to what constitutes a common-law seal ; but have never dispensed with a seal in bonds and deeds, except as the statute substitutes a scroll in lieu thereof. It might be very well, as has been done in some states, to dispense with seals altogether, but courts can not so change the law, and those who desire the change must look to the law-making power."

As, then, Schroeder and Brothers were not present, and no member of the firm was present, when Rowak signed the bond, in view of the general rule that an agent, unless authorized under seal to do so, can not execute a specialty for another in his absence (Story on Ag. sects. 49, 242) there seems to be no sufficient evidence of any authority on the part of Rowak to execute the bond for them, and the bond is not shown to be a sufficient bond. The act provides that, on receiving the claim, the officer may demand a bond of the plaintiff or his agent. This does not imply any

authority to the agent of the plaintiff to execute a sealed
instrument in the name of his principal without having a
power of attorney under seal authorizing him to do so.   It
is suggested by counsel for appellant that, if the claimant
had brought suit upon the bond, and failed in his action on
the ground that it appeared that it was not executed by
one having authority to bind the obligor, then he might
have an action against the constable, and that until it has
appeared in such an action that the bond is invalid for this
cause, this defect in the bond can not be taken advantage
of by plaintiff.   The defect of authority to execute the
bond appears, however, in this case, from the testimony in-
troduced by defendant, so that he does not make out a
*prima facie* case for his defence.   But, even if the bond
were good as a common-law bond, it does not comply with
the statute, which requires that it shall be made payable to
the state of Missouri.   The act requires (sect. 4) that
the claimant, if he does not elect to proceed by motion in
the circuit court, but chooses to sue upon the bond, shall
sue in the name of the state to his own use.   It does not
appear how he could sue in the name of the state upon a
bond not payable to the state ; and we do not perceive how
the claimant can be compelled to take, instead of his pro-
perty, a bond which is not given in substantial compliance
with the statute.   The bond, if it complies with the statute,
has the effect of depriving the claimant of the right, which
he would otherwise have, to proceed directly against the
officer to recover his specific property.   It is true that,
where the claimant has made claim under the statute, he
has thereby declared his willingness to accept the value of
his property in damages, and to discharge the sheriff from
liability ; but this is only upon condition that the sheriff
on his part will take, and return with the execution, the
bond prescribed by the statute.   He makes his claim hop-
ing to avoid a lawsuit and to have his property at once.
He takes the risk thus of losing his specific property.   The

sheriff may obtain and return a sufficient bond. If so, the claimant may be remitted to his claim for damages, whatever value the specific property may have in his eyes. But, if the officer can not, or does not, return a sufficient bond, the claimant may still have his remedy by replevin. The practice has undoubtedly always been to take these bonds in the name of the state, and the law requires that this shall be done.

The amendment of March 14, 1859, to the original act provides (sect. 2, Gottschalk's St. Louis County Laws, p. 563) that "any indemnification bond taken, as aforesaid, with good and sufficient security, shall be deemed an indemnification bond within the meaning of the act to which this act is amendatory." But this language, evidently, is not intended to repeal the provision of section 2 of the original act, that the bond shall be payable to the state and conditioned as the law requires. It obviously means that the bonds spoken of in the amended act, though by the amendment more than one bond may be taken, and the amount of the bond may be fixed by appraisement at a sum not based upon the value stated in the claim, and though the condition of the bond is made to conform, not to the original law, but to the execution act, are nevertheless to be considered as indemnification bonds under the original act and subject to its provisions.

We held, in *The State to use* v. *Donnelly* (9 Mo. App. 519), that a bond, otherwise in strict conformity to the statute, would protect the officer, though it contains a clause indemnifying the sheriff, which might be rejected as surplusage. The supreme court, in *The State to use* v. *Leutzinger* (41 Mo. 498), held that a bond taken to secure jointly several claimants was sufficient to protect the officer, since each claimant could have his several action on the bond. And Judge Wagner says in that opinion, that a bond that does not literally follow the statute will protect the officer, if it substantially follows the law. We are inclined to think that a bond not

taken to the state of Missouri is not a substantial compliance with the law, since the act provides that the claimant who sues upon the bond shall bring his action in the name of the state.

The law should undoubtedly be construed with some strictness; but it is also clear, both on reason and authority, that the officer is not to be deprived of the protection which the act was intended to extend to him where there has been a substantial compliance with its provisions. When sued in trespass, however, if he would set up this act for his protection, he must bring himself within its provisions. This he does not do by introducing a bond of which the state is not the obligee, and which is signed in the name of the principal by an agent, who shows affirmatively that he had nothing but parol authority to sign the bond.

There was no declaration of law asked or given in the court below. It is admitted that plaintiff made out his *prima facie* case. As we think, for the reasons given, that defendant failed in making out his defence, we ought to affirm the judgment. It is so ordered. All the judges concur.