NICHOLAS CORBIN, Respondent, v. JESSE LASWELL, Administrator of JOHN H. SCHNEBLY, Deceased, Appellant.

, St. Louis Court of Appeals, March 22, 1892.

1.   Administration :  APPEALS FROM PROBATE COURTS.  The giving of a bond pursuant to statute is a prerequisite to the validity of an appeal from a probate court in a matter relating to the administration of the estate.  And, when the statute is not complied with in this respect owing to the insufficiency of the document relied upon as a bond, the defect cannot be cured by the giving of a new bond in the circuit court, but the appeal must be dismissed.

2. ———: ———: ———. A document not under seal is not a bond, and will not satisfy a statute which requires the giving of a bond for the purpose of an appeal.

3. ———: ———: RECORD. The paper filed as a bond in the probate court for the purpose of an appeal from that court is a part of the record in the appellate court.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED (*with directions*).

*L. F. Cottey* and *G. R. Balthrope*, for appellant.

*O. D. Jones* and *W. L. Berkheimer*, for respondent.

ROMBAUER, P. J.—This is an appeal from a judgment, allowing a claim against a decedent's estate on a promissory note executed in May, 1872. The probate court disallowed the claim, whereupon the claimant filed his affidavit, and also filed the following document as and for an appeal bond in the case:

" STATE OF MISSOURI, }
" Knox County,            } ss.

" Nicholas Corbin, Plaintiff,
                    *v.*
" Jesse Laswell, Administrator of    } In Probate Court.
the estate of John H. Schnebly,
Defendant.

" We, the undersigned, Nicholas Corbin and Joseph A. Johnson, acknowledge ourselves indebted to Jesse Laswell, administrator of estate John Schnebly, in the sum of $100, to be void upon this condition: Whereas, Nicholas Corbin has appealed from the judgment of the probate court in an action between Nicholas Corbin, plaintiff, and Jesse Laswell, administrator of the estate of John Schnebly, deceased, defendant, to the Knox county circuit court; now, if on such appeal the judgment of the court be affirmed, or, if on trial anew in the

appellate court, judgment be given against the appellant, and he shall satisfy said judgment, or, if his appeal shall be dismissed, and he shall pay the judgment of the *justice*, together with the costs of the appeal, this recognizance shall be void.

"Witness our hands this tenth day of November, 1891.                              N. CORBIN,
                    "J. A. JOHNSON.

"Approved this tenth day of November, 1891.
                    "C. R. FOWLER,  [Seal.]
                    "Probate Judge."

*Indorsed on back :*

"Affidavit and bond in appeal, Nicholas Corbin, plaintiff, *v.* Jesse Laswell, administrator of John Schnebly, defendant. Filed this tenth day of November, 1891.                              C. R. FOWLER,
                    "Judge."

*Also :*

"Filed November 13, 1891.
                    "CHAS. CORNELIUS,
                    "Circuit Clerk."

Before the trial of the cause on its merits in the circuit court, the defendant filed a motion to dismiss the appeal, on the ground that the appellant had filed no appeal bond in the cause, and, hence, the circuit court never acquired any jurisdiction of the appeal. This motion was overruled, and the defendant duly excepted and saved his exceptions by motion for new trial. It appears by the transcript of the record that, before this motion was overruled, the appellant did file in the circuit court an appeal bond with securities, which bond was approved by the court. The court thereupon proceeded with the trial of the cause, and rendered judgment as above.

The first error assigned is that the court erred in not dismissing the appeal, as there was no appeal bond given by plaintiff in the probate court. As this assignment challenges the jurisdiction of the circuit court, it

must be disposed of first. We held in *Green v. Castello*, 35 Mo. App. 127, that the filing of an affidavit and bond in the probate court are conditions precedent to the granting of an appeal to any claimant, and that, when these conditions have not been complied with, the circuit court acquires no jurisdiction of the appeal. We also held in that case that the law, which provides for taking bond in the circuit court in appeals from justices of the peace, does not apply to appeals from probate courts. Following that ruling we must hold that the action of the circuit court, in permitting a new bond to be filed in that court, could not invest it with jurisdiction over the appeal, if no bond was given in the probate court in conformity with the mandates of the statute.

By reference to the document hereinabove set out, and which purports to be a bond, it will be seen that it is no bond, because it is not an instrument under seal. In *State ex rel. v. Thompson*, 49 Mo. 189, the court says: "A bond is a sealed instrument, and we can have no idea of one without a seal, or a substitute for one, and where the statute requires a bond it calls for an instrument with all its necessary requisites." In *St. Louis Dairy Co. v. Sauer*, 16 Mo. App. 4, this court says: "The statute requires a bond. The term bond imports an obligation in writing under seal. There cannot be a bond without a seal, and an instrument which speaks of a seal, but which has no seal or scroll, is held in Missouri not to be a specialty."

The instrument in question in the case at bar does not even recite that it is a bond, nor does it purport to be attested by a seal, nor is there any seal or scroll set opposite to the name of the signers. It, therefore, can not be construed to be a bond on any theory.

The plaintiff contends that it does not appear by the record that this instrument was offered in evidence upon the trial of the motion to dismiss, and, hence, that the instrument is not before us, and we should uphold

the ruling of the trial court, on the presumption which upholds the validity of judgments of courts of record. But the plaintiff overlooks the fact that the bond is part of the record, which he himself has brought to the circuit court under the statute, which provides that "the probate clerk shall transmit to that court a certified transcript of the record and proceedings relating to the case, together with the original papers in his office relating thereto."

It results that the circuit court erred in not sustaining the defendant's motion to dismiss the appeal for want of jurisdiction. The judgment is reversed, and the cause remanded to the circuit court with directions to dismiss the appeal. All the judges concurring, it is so ordered.