ALT, *Plaintiff in Error*, v. STOKER.

### Division One, March 12, 1895.

1. **Swamp Lands:** CONVEYANCE: COUNTY COURT. A county was authorized under the act of 1869 (Acts, p. 67) to sell swamp lands at private sale. (*Pool v. Brown*, 98 Mo. 675.)

2. ———: ———: SEAL. A common law seal affixed to a conveyance is sufficient in the absence of the statutory seal.

3. ———: ———: ———: STATUTE. The seal of the county court impressed upon paper attached to the deed and adopted by a commissioner appointed to convey swamp lands under Revised Statutes, 1879, section 671, is sufficient.

4. ———: ———: ———. The acknowledgment of a commissioner appointed to convey county lands may be considered in determining whether the seal used was adopted as his seal.

*Error to Cape Girardeau Court of Common Pleas.*
HON. MAURICE CRAMER, Judge.

AFFIRMED.

*J. W. Limbaugh* for plaintiff in error.

(1) The land in question was legally sold by the commissioner at private sale. *Prior v. Scott*, 87 Mo. 303; *Pool v. Brown*, 98 Mo. 675. (2) The objection that the paper offered in evidence was not sealed is not well taken. G. S. 1865, p. 444, sec 4; *Pease v. Lawson*, 33 Mo. 35; G. S. 1865, p. 398, sec. 5; R. S. 1889, sec. 2388. A seal consisting of a piece of paper attached by mucilage at the end of the signature has been held sufficient. *Turner v. Field*, 44 Mo. 382. See, also, *Lunsford v. Lead Co.*, 54 Mo. 426; *Burnett v. McCluey*, 78 Mo. 676. (3) Impression on paper alone, without wax or other tenacious substance, has been held a valid

seal. *Allen v. Railroad*, 32 N. H. 446; *Pillow v. Roberts*, 13 How. 472; *Sprange v. Barnard*, 2 Bro. C. C. 585; *Reg. v. St. Paul*, 7 Q. B. 232; *Bradford v. Randoll*, 5 Pick. (Mass.), 495; *Hendee v. Pinkerton*, 14 Allen (Mass.), 381. Use of the word "seal" in place of a seal has been held sufficient. 21 Am. and Eng. Encyclopedia of Law, p. 884 and note 2.

*Wilson Cramer* for defendant in error.

(1) The act undertaken by commissioner, John R. Henderson, was the execution of a statutory power under a statute identical with the statute of 1835. (R. S. 1835, p. 142, sec. 7), which was passed upon by this court in the case of *Harley v. Ramsey*, 49 Mo. 309. In that case the court says: "The unsealed writing was not such a conveyance as would pass the title. Ramsey acted as a public agent in the execution of a statutory power, and to render his acts as such operative it was necessary that he should have complied with the law." *Harley v. Ramsey*, 49 Mo. 309. (2) In the execution of the deed under consideration the commissioner uses neither seal nor scrawl. (3) The proper sealing of a deed was at that time just as essential to its effectiveness as the signing of the name of the grantor, and no one would contend for a moment that an unsigned deed conveyed title or could be introduced in evidence. (4) It is not claimed on behalf of plaintiff in error that the deed in question was sealed otherwise than under the seal of the county court. The acknowledgment can not supply the defect: *First.* Because the acknowledgment is no part of the deed, but simply the statutory admission of its execution. *Second.* Because the statute prescribes what the acknowledgment shall contain, and anything outside of this is mere surplusage. 1 Wag. Stat. 1872, p. 275, sec. 14.

MACFARLANE, J.—This is an action of ejectment for forty acres of land situate in Cape Girardeau county. The land is a portion of a body of swamp land donated by the United States to the state of Missouri and by the state conveyed to said county by patent dated November 4, 1871.

Plaintiff claims title under a deed by John R. Henderson, commissioner of said county, duly appointed and authorized to act by the county court. This deed, when offered in evidence, on objection by defendant, was excluded by the court, on the ground that it was not properly sealed. No objection is made to the sufficiency of the deed in other respects. The attesting clause of the deed is as follows:

"In witness whereof, the said county of Cape Girardeau, party of the first part herein, hath executed these presents by the said John R. Henderson, special agent and commissioner aforesaid under the hand of him, the said commissioner, under the seal of the county court of said county, attested by the clerk of said court, as and for the seal of the said county of Cape Girardeau in this behalf, the erasures on the eleventh and fourteenth pages of said deed being made before signing. Done at the town of Jackson, in said county of Cape Girardeau, the day and year first aforesaid.

"(Signed),

"COUNTY OF CAPE GIRARDEAU,

"By John R. Henderson, Special Agent and Commissioner.

"Attest: Gabriel C. Pepper, Clerk of the County Court, Cape Girardeau, County, Mo."

*————————*
| CAPE GIRARDEAU
| COUNTY COURT
|    SEAL, MO.
*————————*

This seal is to the left of, and just below the signature of the commissioner, and consists of a round,

notched piece of green paper, of the style and size commonly used for that purpose, attached to the deed by mucilage or other tenacious substance, and upon which is impressed the seal of Cape Girardeau county, as aforesaid.   The acknowledgment is as follows:

"Be it remembered that on this twenty-ninth day of March, A. D. 1875, at the county and state aforesaid, before the undersigned, clerk of the circuit court in and for said Cape Girardeau county, personally came John R. Henderson, who is to me, the undersigned, personally known to be the same person whose name is subscribed to the foregoing instrument as special agent and commissioner for said Cape Girardeau county, for and in behalf of said county, and the said John R. Henderson acknowledged the said conveyance to be the act and deed of the said county of Cape Girardeau as such special agent and commissioner thereof and acknowledged the seal of the county court of said county thereunto affixed and attested by the clerk of said court to be the seal of Cape Girardeau county, by him adopted and affixed, in this behalf for the purposes in said deed mentioned, and that the erasures in the eleventh and fourteenth pages were made before signing.

"In witness whereof, I have hereunto set my hand and affixed the seal of said circuit court, at office in said county of Cape Girardeau, the day and year last above written.

```
* ─────────── *
|  SEAL OF      |
| CIRCUIT COURT |
| CAPE GIRARDEAU|
|  COUNTY, MO.  |
* ─────────── *
```

"NATHAN C. HARRISON,

"Clerk Circuit Court, Cape Girardeau Co., Mo."

Section 6 of said act of the general assembly of Missouri, dated March 10, 1869, under which said land was patented to the county, provides:  "The several

county courts shall have full power and control over all such overflowed and swamp lands patented to their respective counties under the provisions of this act, and to sell and dispose of the same in like manner and with like effect as now provided by the general statutes in relation to the conveyance of other real estate belonging to their respective counties." Sess. Acts, 1869, sec. 6, p. 67; 2 R. S. 1879, sec. 6205.

The "general statutes," in relation to the sale by county courts of "other real estate belonging to their respective counties," was at that time as follows: "The county court may, by order, appoint a commissioner to sell and dispose of any real estate belonging to their county; and the deed of such commissioner, under his proper hand and seal, for and in behalf of such county, duly acknowledged and recorded, shall be sufficient to convey to the purchaser all the right, title, interest and estate which the county may then have in or to the premises so conveyed." Gen. Stat. 1865, p. 444, sec. 4; 1. R. S. 1879, sec. 671, p. 110.

As to the sufficiency of sealing instruments the statute provided: "Every instrument of writing expressed on the face thereof to be sealed, and to which the person executing the same shall affix a scrawl by way of seal, shall be deemed and adjudged to be sealed." 1 Wag. Stat., 269, sec. 5.

I.   An objection was made to the sufficiency of the sale and deed, on the ground that the commissioner had no power to sell, at private sale, as was done in this instance. The point has been decided otherwise and we do not understand that defendant now insists upon it. *Pool v. Brown*, 98 Mo. 684.

II.   The sole question, then, is whether the deed was properly signed and sealed by the commissioner, so as to make it effective to pass the title from the county. There was no statutory scrawl, by way of seal, but a

common law seal would be sufficient.   *Pease v. Lawson,*
33 Mo. 39.   One or the other was requisite to make the
conveyance effective.

One of the definitions of a seal is "an impression
upon wax, wafer or some other tenacious substance
capable of being impressed."   In later years the courts,
to effectuate the intention of due execution, have been
liberal in respect to the nature of the substance and the
character of the impression necessary to constitute a
seal.   So it has been held, in this state, that a piece of
colored paper, affixed as a seal to an instrument by
mucilage, is a good seal, though no impression upon it
is discernible.   *Pease v. Lawson,* 33 Mo. 39.   "It is
the seal which authenticates, and not the substance on
which it is impressed; and where the court can recog-
nize its identity, they should not be called upon to
analyze the material which exhibits it."   *Pillow v. Rob-
erts,* 13 How. 474.

The statute making a mere scrawl sufficient requires,
also, a recital on the face of the instrument that it is
sealed.   So, instruments without such recital have been
held not to be valid deeds, though the statutory scrawl
was attached.   *Cartmill v. Hopkins,* 2 Mo. 220; *Grims-
ley v. Administrators,* 5 Mo. 280; *Walker v. Keile,* 8 Mo.
301.

Where there is a real seal the requirement as to
recital does not obtain.   In such case "the *fact,* and
not the assertion, fixes the nature of the instrument."
*Taylor v. Glaser,* 2 S. & R. 504; *Dingee v. Kearney,* 2
Mo. App. 525.

A seal of one of several signers of an instrument
may be adopted as the seal of the others, though the
only seal used is that of the statutory scrawl, and when
the instrument purports on its face to be sealed by each,
an adoption will be presumed.   *Lunsford v. La Motte
Lead Co.,* 54 Mo. 436.

As no particular impression is required, we think there could be no doubt that the seal of the county court impressed upon paper attached to the instrument, if adopted as the seal of the commissioner, would be a sufficient sealing in the contemplation of the statute, which required the deed to be "under his proper hand and seal." Indeed, no more appropriate seal could be used by one acting in behalf of the county.

But it is said that, by the testimonium clause of the deed, the commissioner did not assume to use or adopt the seal of the county court, as and for his own, but, on the contrary, it is expressly declared that the instrument was executed under the hand of the commissioner and "under the seal of the county court," thus conclusively negativing an intention to adopt that seal. But it will be observed that section 671, Revised Statutes, 1879, requires that a deed by a commissioner shall not only be "under his proper hand and seal" but shall be "duly acknowledged and recorded." The acknowledgment is made a part of the due execution of the deed, and we think it may fairly be taken in determining the intention of the commissioner in the use of the county seal. The certificate of acknowledgment declares that the commissioner "acknowledged the seal of the county court of said county thereunto affixed and attested by the clerk of said court to be the seal of Cape Girardeau county, by him adopted and affixed, in this behalf for the purposes in said deed mentioned."

The deed was actually signed, sealed, acknowledged and delivered, and this was a good sealing at common law, though no mention was made of it in the body of the writing. *Taylor v. Glaser*, 2 S. & R., *supra*. As the body of the writing shows, without explanation, that the seal of the county court was used, we can properly refer to the acknowledgment, which is a part of the execution, as an aid in determining the purpose

:for which it was used.  It appearing distinctly there-
:from that the commissioner adopted this seal as his
·own, the instrument must be held as duly sealed, and
:sufficient to pass the title of the county.  Reversed and
:remanded.  All concur.