J. W. BURTON, Respondent, v. AMERICAN GUARAN-
TEE FUND MUTUAL FIRE INSURANCE COM-
PANY, Appellant.

### St. Louis Court of Appeals, April 9, 1901.

1. **Insurance Policy**: SPOLIATION OF CONTRACT.  The fact that a part of the form of an insurance policy has been clipped or cut off by a sharp instrument, is a suspicious circumstance.

2. ——: ——: BURDEN OF PROOF:  EXPLANATION OF SPOLIATION.  And the onus is on the party suing on the contract to disprove or explain the spoliation.

3. ———: ———: ———. In the case at bar, the court by its ruling deprived the appellant of a defense which is duly pleaded and prima facie made by the production of the policy, which the court had found to have been spoliated.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

## STATEMENT OF THE CASE.

The suit is on a policy of insurance issued by the defendant to plaintiff, insuring plaintiff's storehouse and general stock of merchandise against loss or damage by fire. The petition is in the ordinary form. The policy, however, was not filed with the petition. The amended answer, filed August 14, 1900, put in issue the loss, admitted the issuance of the policy and alleged the following special defense:

"Defendant further answering, states to the court that said insurance policy further insured the plaintiff on a stock of merchandise in the sum of nine hundred dollars, and that the policy contained a clause as follows: 'The assured under this policy hereby covenants and warrants to keep a set of books, showing a complete record of business transacted, including all purchases and sales both for credit and cash, together with the last inventory of the stock insured; and further covenants and warrants to keep such books and inventory securely locked in a fireproof safe at night and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the house where such business is carried on; and in case of loss the assured covenants and warrants to produce such books and inventory, and in the event of a failure

to produce the same, this policy shall be deemed null and void, and no suit or action at law shall be maintained thereon for any such loss.' And at the time of the alleged fire, nor at any time since the issuance of the said policy, has the plaintiff had a fire-proof safe in such store, or kept his books and inventory secure from fire, but at such alleged fire the books and inventory were burned and destroyed, and plaintiff can not produce the same according to his warrant and covenant, and because of his failure to produce the same, this policy, so far as it covers on merchandise, is wholly void, and can not be enforced or recovered upon.

"Defendant further answering, informs the court that since the said policy was issued and delivered to plaintiff, the clause above quoted, relative to fireproof safe, books and inventory and also the clause restricting the liability of defendant to three-fourths of said loss, have been torn off of the said policy and wholly destroyed, and that by reason thereof said policy has been mutilated, and the policy sued on is not the policy issued by the defendant, nor is it the contract made between plaintiff and defendant as policy No. 2594, and plaintiff is not entitled to recover on said mutilated policy.

"Defendant further informs the court that as said policy was not attached to the petition in the case, the fact of such mutilation has just come to the knowledge of the defendant."

On the same day plaintiff filed his reply denying generally the new matter set forth in the answer. On the same day both parties announced ready for trial and the issues were submitted to a jury. Plaintiff to sustain the issues on his part adduced evidence tending to prove the total loss by fire of the building insured and also the loss of his general stock of merchandise there situated, of the value of something over $1,300, that he made proof of the loss in compliance with the requirements of the policy and forwarded it to the company. De-

fendant offered evidence tending to prove that plaintiff's invoices and account books were all burned when the storehouse was burned, that he did not have a fireproof safe in his store in which to keep his invoices and books and that he made out the proofs of loss from memory. Defendant introduced the policy to which was attached and made a part thereof a portion of what is termed and known as form No. 4. This form contains the following clause not contained in the portion attached to the policy, to-wit: "Subject to the three-fourths value and iron safe clause. It is a part of the consideration of this policy and the basis upon which the rate of premium is fixed, that in the event of loss, this company shall not be liable for an amount greater than three-fourths of the actual cash value of the property covered by this policy at the time of such loss, and in case of other insurance, whether policies are concurrent or not, then for only its pro rata proportion of such three-fourths value. Total insurance permitted is hereby limited to three-fourths of the cash value of the property hereby covered, and to be concurrent herewith. When this slip is attached to a policy covering stock of merchandise, the assured, under this policy, hereby warrants, covenants and agrees to keep a set of books, showing a complete record of business transacted, including all purchases and sales, both for cash and credit, together with the last inventory of said business; and further warrants, covenants and agrees to keep such books and inventory securely locked in a fireproof safe at night and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the house where said business is carried on; and in case of loss, the assured warrants, agrees and covenants to produce such books and inventory, and in the event of failure to produce the same, this policy shall be deemed null and void and no suit or action at law shall be

maintained hereon for any loss."

Defendant read in evidence the plaintiff's application for the policy which contains the following clause:

"Application of J. W. Burton, of Agnes, Missouri, for insurance against loss or damage by fire in the sum of twelve hundred dollars for one year from date of approval. (The applicant hereby agreeing that the company shall incorporate three-fourths value and iron-safe clause in form attached to policy to be issued hereon.) Subject to conditions of insurance of the policy to be issued hereon and the by-laws and charter of the company."

In respect to the mutilation of form No. 4, attached to the policy, the learned trial judge made the following ruling:

"At this point the court declares as a matter of law, and as a fact in the case, that it appears patent from an examination of the policy that the paper attached to the policy has been severed from other paper; that is to say, that the sheet has formerly been of greater length than it now is, and a portion has been clipped therefrom by some sharp instrument; but the presumption is that such severance was made at or before the delivery of the policy, and it develops upon the defendant in this case to show and prove, to establish its defense that is made herein, that such alteration was made after the delivery of the policy, and there being no evidence whatever in this case that such alteration was made after delivering the policy, the defense set up by the defendant has no evidence to support it.

"To which action of the court in so ruling, counsel for the defendant in open court objected and excepted at the time."

To meet this ruling of the court, defendant put the plaintiff on the witness stand who testified that he had not cut or torn anything from the policy, that it was in the same condition as when he received it.

The jury returned a verdict for the full amount of the insurance on both the building and on the goods. In due time defendant filed its motion for new trial, alleging as one of the grounds therefor, that it had been taken by surprise on the trial by the evidence of plaintiff and had asked one day's postponement of the trial to afford it an opportunity to produce witnesses from the city of St. Louis to contradict plaintiff's testimony in respect to the mutilation of the policy, which the court had refused to grant; that the safe clause was in the policy when delivered to plaintiff; that it could prove and establish the fact and that plaintiff had committed perjury in testifying that the policy was in the same condition as when he received it. In support of the motion defendant filed the affidavit of J. E. Werth, president of defendant company, who signed the policy and of David Meyer, who wrote the policy, both of whom testified that the fire proof safe clause and form No. 4 in full was attached to the policy, when signed and when mailed and also the affidavit of S. E. Low, defendant's adjuster, that the policy was first seen in its mutilated condition by the agents and attorney of defendant on the day of trial and that defendant had a meritorious defense as to the clause of the policy insuring the goods.

The motion for a new trial was overruled and defendant appealed.

*J. W. Farris* for appellant.

"Where there are no indications of falsity upon the paper the plaintiff is not bound to go further and prove that it was made on the day it purports to be." Bank v. Harriman, 68 Maine 522; Pullen v. Hutchinson, 25 Maine 249; Crabtree v. Clark, 28 Maine 337. "Whether there has been in fact an alteration in a written instrument, is a question for the jury.

If the jury find there was an alteration, then it is also for them to determine whether it was made before the instrument passed from the hands of the maker, or afterwards, even when no explanatory evidence is offered." Thompson on Trials, p. 1029. The court erred in refusing instruction No. 8, asked by the defendant, for the reason that section 8012, Revised Statutes 1899, authorizing the allowance of attorneys' fees, in addition to a penalty of not more than ten per cent for vexatious refusal to pay the loss, is unconstitutional and void. Const., art. 4, sec. 53; Ellis v. Railroad, 165 U. S. 150; Paddock v. Railroad, 155 Mo. 524.

*Nixon & Moore* for respondent.

The defendant in this case, in its answer, "admits that it issued policy No. 2594, as alleged in the petition," and then proceeds to set up in its answer a defense that the policy was altered after delivery. This, plaintiff denied, and the burden of proving the fact consequently rested on defendant. The law presumed in this case, in absence of evidence to the contrary, that alteration was made prior or contemporaneously with delivery of policy. The defendant not only introduced no evidence to sustain his pleading but did introduce the evidence of the plaintiff and actually proved by him that the policy had not been altered or changed since delivery but was in same condition as it was when delivered to him. Under this condition of the evidence, to have submitted the question of alteration of policy to the jury would have been reversible error. "Instructions are properly refused, however correctly they may declare the law, when there is no evidence tending to prove the facts upon which they are predicated." Reichenbach v. Ellerbe, 115 Mo. 588; Carroll v. Transit Company, 107 Mo. 653; Zweitzler v. Storts, 30 Mo. App. 164; Capital Bank v. Armstrong,

62 Mo. 59; State v. Brokerage Co., 85 Mo. 411; Edwards v. Meyers, 22 Mo. App. 481.

BLAND, P. J.—The court, from an inspection of form No. 4, attached to the policy and made a part thereof, found that it had been mutilated and a part of it was gone. On this finding the court fell into error in ruling that the presumption is, that the severance or mutilation was made at or before the delivery of the policy. The application for the policy agreed to the iron-safe clause. This was not found in the policy in its mutilated form, nor could the goods insured be located by anything contained in the policy. The very fact that a part of the form had been clipped or cut off by a sharp instrument was a suspicious circumstance. Hays v. Bayliss, 82 Mo. 209; State v. Chamberlain, 89 Mo. 129; Sweitzer v. Allen Banking Co., 76 Mo. App. 1; Drosten v. Mueller, 103 Mo. 624. And the onus was on the respondent to disprove or explain the spoliation. Stilwell v. Patton, 108 Mo. 352. By its ruling the court deprived the appellant of a defense which it duly pleaded and prima facie made by the production of the policy, which as the court found had been spoliated. As the judgment must be reversed for this error, it is unnecessary to discuss the refused instructions or the ruling of the court on motion for new trial.

Judgment reversed and cause remanded. All concur.