J. W. BURTON, Respondent, v. AMERICAN GUAR-
ANTEE FUND MUTUAL FIRE INSURANCE
COMPANY, Appellant.

Kansas City Court of Appeals, June 9, 1902.

1. **Insurance:** INSTRUCTIONS: "IRON-SAFE CLAUSE:" SPOLIA-
TION. In an action on a fire policy, an instruction purporting
to cover the whole case omitted an issue tendered in regard to the
spoliation of the policy by cutting therefrom an "iron-safe clause"
rider; but this latter issue was pointedly submitted to the jury
by another instruction. ·*Held,* taking all the instructions together,
they properly presented the entire case to the jury.

2. ———: INSTRUCTION: CLERICAL MISTAKE: HARMLESS
ERROR. An instruction as to proof of loss used the word· "two,"
which was evidently a clerical mistake for "due." *Held,* harmless
error.

3. **Trial and Appellate Practice:** VERDICT: PREJUDICE OF
JURY. On a review of the record the appellate court refuses to
interfere with the verdict on the ground of the prejudice and pas-
sion of the jury, especially since it received the sanction of the
trial court.

Appeal from Camden Circuit Court.—*Hon. Argus Cox,*
Judge.

AFFIRMED.

*J. W. Farris* for appellant.

(1) Instruction No. 1 given by the court, pur-
ports to cover the whole case, and authorized a recov-
ery by plaintiff, if the jury should find the facts for
plaintiff as hypothecated in the instruction. The in-
struction left out of view the question as to the iron-
safe and inventory clause, and also the question of the
mutilation of the policy, to disprove which the burden
was placed upon the plaintiff. This issue was raised
by the pleadings and should have been submitted to

the jury as it was a question of fact whether or not the policy contained the iron-safe and inventory clauses and also whether the policy had been mutilated and changed.   These questions were presented to the jury in another instruction, but the two instructions can not, therefore, be considered together as presenting the whole case, and plaintiff was permitted to recover irrespective of whether the policy contained the iron-safe and inventory clauses, or whether the policy had been mutilated.   Roberts v. Ins. Co., decided in the St. Louis Court of Appeals March 1, 1902; Burton v. Ins. Co., 88 Mo. App. 395.   (2) ''Such a verdict can be accounted for only on the ground of ignorance, partiality, prejudice or passion, and can not be permitted to stand.''   Gannon v. Gas Company, 145 Mo. 545; Long v. Moon, 107 Mo. 334; Caruth v. Richeson, 96 Mo. 186; Avery v. Fitzgerald, 94 Mo. 207; Garrett v. Greenwell, 92 Mo. 120; Spohn v. Railroad, 87 Mo. 74; Whitsett v. Ransom, 79 Mo. 258.   (3) The court instructed the jury for plaintiff, ''that if you believe from the facts and circumstances in evidence  .  .  .  that plaintiff gave due notice of same and made *two* proofs of loss.''   The jury could not find from the evidence what the court required, as the evidence showed he made *due* proofs of loss, and the verdict is contrary to the instructions, as well as against the evidence, and is clearly the result of ignorance, partiality, passion or prejudice, and the appellate court should reverse the judgment.

*Nixon & Moore* for respondent.

(1)   The mistake in this instruction in copying, requiring ''two proofs of loss,'' is evidently merely clerical, and was intended for ''due proofs of loss.'' (2)   The instructions are not contradictory.   (3) It was not possible for the jury to have been misled by first instruction, or that any injury was done the defendant by giving it.   The other instructions are certainly radical and drastic in favor of the defendant.

(4) Any supposed fault in the first instruction was cured by subsequent instructions. Instructions should be considered all together. Schrader v. Michel, 98 Mo. 48; Vogel v. Railroad, 49 Mo. App. 643; Schaf v. Fries, 77 Mo. App. 346; Grace v. Railroad, 156 Mo. 275. (5) The only attack on the verdict in the motion for a new trial is that it is against the weight of evidence. Heine v. Morrison, 13 Mo. App. 577; Varton v. Goodwin, 42 Mo. App. 39; Alexander v. Railroad, 55 Mo. App. 66; Putnam v. Railroad, 22 Mo. App. 589; Huppart v. Weisgerber, 25 Mo. App. 95; Stone v. Wolfhall, 59 Mo. App. 441. (5) It is the peculiar duty of trial judges to pass on the question whether the verdict was the result of passion, prejudice or misconduct of the jury. Choquette v. Railroad, 152 Mo. 257; Benedict v. Railroad, 123 Mo. 221; Culver v. Smith, 82 Mo. App. 390; Reid v. Ins. Co., 58 Mo. 421; Temple v. Railroad, 83 Mo. App. 64; Tower v. Penley, 76 Mo. App. 287; Moffitt v. Freeman, 119 Mo. 294.

ELLISON, J.—This is an action on a fire insurance policy. Plaintiff recovered judgment in the trial court. He had recovered judgment on a former trial which was reversed by the St. Louis Court of Appeals. On return of the mandate of that court, plaintiff changed the venue to Camden county.

The contention on the part of defendant was that there was what is known as an "iron-safe clause" attached to the policy when delivered to plaintiff, and that the policy as produced by plaintiff at the trial showed no such clause. It appeared from the policy that this had been torn or cut off from the policy. This, as ruled by the St. Louis Court of Appeals in this case, put the onus on plaintiff to disprove or explain the spoliation. 88 Mo. App. 392.

There was strong evidence supporting defendant's claim of spoliation. Yet the trial court gave, over defendant's protest, an instruction submitting to the jury in detail the facts necessary for plaintiff to prove in order to recover, and directing that if such matters

were proven to the satisfaction of the jury to find for plaintiff.

The question of the iron-safe clause, which defendant charged had been torn or cut from the policy after its delivery, and which the appearance of the policy prima facie substantiated, was omitted from this instruction, the jury being directed to find for plaintiff without referring to that issue. This would have been error but for the fact that in other instructions that issue was pointedly submitted and the jury clearly informed that plaintiff could not recover unless he established that there was no spoliation in his hands. Ever since the case of Sullivan v. Railroad, 88 Mo. 182, was overruled by the case of Owen v. Railroad, 95 Mo. 169, it has been understood and ruled in this State that although one instruction purporting to cover the whole case omitted an issue tendered by the opposite party, yet if it was clearly submitted in other instructions, so that taking them as a whole they presented the entire case, such omission was not reversible error.

Another ground of complaint is that the court, in an instruction, used the words, "made two proofs of loss." The word "two" was evidently, by clerical error, used for "due." We do not regard the objection as of substantial merit.

It is next insisted that the verdict is against the evidence and is the result of prejudice and passion. We have gone over the record and do not find that we would be justified in overturning the verdict on this ground, especially as it has received the sanction of the trial court. We have found nothing to warrant our interference and, hence, affirm the judgment. All concur.